UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHRISTY ROBINSON                           CIVIL ACTION NO. 20-cv-251

VERSUS                                     JUDGE DONALD E. WALTER

MAREL USA, ET AL                           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Christy Robinson ("Plaintiff") filed suit in state court against Marel USA based on an allegation that she was working at a House of Raeford poultry processing plant when a machine made by Marel bearing serial number 96082508 suddenly pulled her arm into the machine, resulting in her arm being partially amputated. Marel removed the case based on an assertion of diversity jurisdiction.

Marel filed an answer and stated, with respect to the allegations that it manufactured the machine, that the allegations were denied for lack of sufficient information to justify a belief therein. Marel stated that it had not yet conducted an inspection of the machine at issue, including the alleged serial number.

Plaintiff later filed an amended complaint (Doc. 30) that substituted two new defendants in the place of Marel USA. The amended complaint alleged that the machine at issue was "made by DEFENDANTS" and bore the serial number mentioned above. Plaintiff alleged in paragraph 8 that House of Raeford has indicated that the equipment has been removed to a warehouse, but it has refused to allow access for inspection, and what information has been provided to Plaintiff is inadequate and erroneous.

The amended complaint described one of the new defendants as Cantrell Machine Co., now known as Cantrell-Gainco Group. Before the court is a Motion for More Definite Statement (Doc. 34) filed by WRH Holdings, LLC d/b/a Cantrell. WRH states that it has researched its database of serial numbers for processing machines made from before 1981 through March 2019, but its database contains no serial number 96082508 or any serial number close to that. It states: "WRH therefore cannot reasonable prepare a response to that allegation and must deny the allegation because it lacks information sufficient to justify a belief in the facts alleged." WRH asks that the court enter an order pursuant to Fed. R. Civ. Pro 12(e) that Plaintiff identify which named defendant allegedly manufactured the machine and identify the correct serial number and any other identifying markings on the machine.

Rule 12(e) provides that a party may move for a more definite statement before filing a responsive pleading if the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." This does not mean that a plaintiff must plead in his complaint every date, person, event and other fact that must be proved to obtain a favorable judgment. Instead, the federal rules merely require "notice pleading." Rule 8(a)(2) requires a short and plain statement of the claim that will give the defendant "notice as to what the plaintiff's claim is and upon which grounds it rests." <u>Mitchell v. E-Z Way Towers, Inc.</u>, 269 F.2d 126-130 (5th Cir. 1959).

Rule 12(e) should not be used to frustrate the notice pleading policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand

a motion to dismiss.  Mitchell, 269 F.2d at 132.  Similarly, a motion for more definite statement will not be granted when a moving party can reasonably respond to the complaint, but merely wants the plaintiff to plead additional information that could and should be gained through discovery.  Id.  See also Newcourt Leasing Corp. v. Regional Bio-clinical Laboratory, Inc., 2000 WL 134700 (E.D. La. 2000); Brown v. Maxxam, Inc., 1991 WL 13918 (E.D. La. 1991).

Plaintiff's amended complaint provided a short and plain statement of the claim that gave WRH notice of the claim, and it alerted WRH to the location of the machine at issue. Federal Rule of Civil Procedure 8(b) governs how to respond to a pleading.  A defendant's choices include to admit or deny the allegations, or to state that the defendant lacks knowledge or information sufficient to form a belief about the truth of an allegation.  WRH states that it must deny the allegations because it lacks information sufficient to justify a belief in the facts alleged, so it may file an answer that includes similar representations. The discovery rules allow WRH to request additional information about the machine from Plaintiff or House of Raeford.   WRH does not need that information to allow it to prepare an answer or other response to the amended complaint.  Accordingly, WRH's **Motion for More Definite Statement (Doc. 34)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this  14th day of December, 2020.

Mark L. Hornsby
U.S. Magistrate Judge